UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ARCELORMITTAL, S.A.,

                Plaintiff,

    v.

ARCELORMITTAL BRASIL SA LLC and
ARCELORMITTAL BRAZIL SA LLC,

                Defendants.
------------------------------------------------------------------------X

Civ. No._____

COMPLAINT

Plaintiff ArcelorMittal, S.A., by and through its counsel, Clark Hill PLC, by way of Complaint states as follows:

## SUMMARY OF COMPLAINT

1. Plaintiff ArcelorMittal, S.A. ("ArcelorMittal") brings this action for trademark infringement under the Lanham Act, the Cybersquatting Consumer Protection Act, and the CAN-SPAM Act, against the infringing Defendants who have deliberately named themselves using ArcelorMittal's trademark and communicating through that falsely included the ArcelorMittal trademark in order to confuse the general public and to defraud ArcelorMittal's customers. Defendants ArcelorMittal Brasil SA LLC and ArcelorMittal Brazil SA LLC ("Defendants") have registered two New York limited liability companies under the names "ArcelorMittal Brasil SA LLC" and "ArcelorMittal Brazil SA LLC" and have corresponded to at least one existing ArcelorMittal subsidiary customer with instructions that the customer make payments owed to Plaintiff's subsidiary to bank accounts owned and controlled by Defendants. ArcelorMittal has demanded that Defendants immediately cease and desist from any attempts to defraud its customers and from infringing upon Plaintiff's registered trademarks, but Defendants have ignored Plaintiff's demands. Plaintiff seeks to enjoin Defendants from continuing their unlawful and infringing conduct, for all permitted damages and penalties.

## PARTIES

2. Plaintiff ArcelorMittal, S.A. ("ArcelorMittal") is a multinational Luxembourg-based corporation with its principal place of business located at 24-26 boulevard d'Avranches, L1160 Luxembourg, Luxembourg.

3. Defendants, calling themselves ArcelorMittal Brasil SA LLC and ArcelorMittal Brazil SA LLC ("Defendants"), are limited liability companies organized under the laws of New York on October 20, 2025 and December 23, 2025, respectively. Defendants' office address and, upon information and belief, their principal place of business, is 5430 Beach Channel Dr., Apt. 1H, Arverne, New York 11692.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121 because this action arises under the trademark laws of the United States, including the Lanham Act, 15 U.S.C. 1125(a), the CAN-SPAM Act, 15 U.S.C. 7701, et seq., and has supplemental jurisdiction over New York state law claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over the Defendants because: (a) Defendants are New York limited liability companies and each of them has the same sole member, Yokasta A. Sanchez Gomez, who is, upon information and belief, an individual resident of New York, and (b) Defendants conduct business in this judicial district.

6. Venue for this action properly lies within this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants are residents of this judicial district and district pursuant to 28 U.S.C. § 1391(b)(2) because, upon information and belief, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the district.

## FACTS

7. ArcelorMittal, formed in 2007 following the acquisition of Arcelor S.A. by Mittal Steel Company N.V., is a Luxembourg-based multinational steel manufacturing and mining corporation, and the second largest steel producer in the world, with steelmaking operations in 15 countries including the United States, Brazil, Canada, and Mexico.

8. ArcelorMittal Brasil S/A is ArcelorMittal's Brazilian subsidiary. ArcelorMittal Brasil S/A owns and utilizes the domain name https://brasil.arcelormittal.com/ in its day-to-day operations, and uses the following domain name for its emails: "@arcelormittal.com.br."

9. ArcelorMittal owns the following United States Trademarks: U.S. Trademark Registration Nos. 3,643,643 and 3,908,649 for the mark "ArcelorMittal"; U.S. Trademark Registration Nos. 6,874,947 and 7,154,422 for the mark "ArcelorMittal SmarterSteels;" and U.S. Trademark Registration No. 7,477,056 for the mark "ArcelorMittal Multi Part Integration." Copies of these five United States Trademark Registrations are attached as Exhibit 1 (collectively, the "ArcelorMittal Marks").

10. The ArcelorMittal Marks have been used consistently in interstate commerce since the company's inception in 2007. ArcelorMittal has invested significant amounts of time, money, and effort in developing the ArcelorMittal Marks throughout the world and within the United States. The ArcelorMittal Marks are well known within the steel, mining, and manufacturing industries and have become exclusively associated with ArcelorMittal by those familiar with the industry, as well as the public at large. Accordingly, the ArcelorMittal Marks have become, through widespread and favorable public acceptance and recognition, famous and an asset of substantial value as a symbol of ArcelorMittal, its products and services, and its goodwill.

11. On October 20, 2025, Yokasta A. Sanchez Gomez registered a New York limited liability company with the name "ArcelorMittal Brasil SA LLC" without ArcelorMittal's knowledge or authority. A copy of Defendant ArcelorMittal Brasil SA LLC's Articles of Organization is attached as Exhibit 2.

12. Upon information and belief, Defendants registered the name "ArcelorMittal Brasil SA LLC" and fraudulent email domain, "@arcelormittal-br.com", as part of a deliberate scheme to impersonate ArcelorMittal's Brazilian subsidiary and defraud ArcelorMittal and its customers into paying the wrong party for invoices due to plaintiff.

13. On November 18, 2025, an individual impersonating an ArcelorMittal Brasil S/A employee used an email address with a "@arcelormittal-br.com" domain name to contact a customer of ArcelorMittal Brasil S/A with "updated" banking information. The email directed the customer to send future payments to a Chase Bank account under the name "ArcelorMittal Brazil SA LLC."

14. On November 25, 2025, Defendant ArcelorMittal Brasil SA LLC filed Articles of Dissolution with the New York Secretary of State. A copy of Defendant ArcelorMittal Brasil SA LLC's Articles of Dissolution is attached as Exhibit 3.

15. On or about November 26, 2025, the ArcelorMittal Brasil S/A customer, relying on Defendant's sham email, transferred payment to the fraudulent Chase Bank account in Defendants' control rather than to ArcelorMittal Brasil S/A's account. Upon learning of the sham email and payment in December 2025, ArcelorMittal promptly contacted Chase Bank, but the funds had already been transferred out of the account.

16. Shortly thereafter, on December 23, 2025, Yokasta A. Sanchez Gomez, the same individual who registered Defendant ArcelorMittal Brasil SA LLC, registered another New York

limited liability company under the name "ArcelorMittal Brazil SA LLC" without knowledge or authority of ArcelorMittal. A copy of Defendant ArcelorMittal Brazil SA LLC's Articles of Organization is attached as Exhibit 4.

17. That same day, ArcelorMittal sent Defendants cease-and-desist letters, informing them that their use of the ArcelorMittal Marks constituted trademark infringement and dilution in violation of the Lanham Act, 15 U.S.C. § 1114, demanded that they refrain from infringing upon ArcelorMittal's trademark rights, and immediately change their names or cancel their registrations. Copies of ArcelorMittal's cease and desist letters are attached collectively as Exhibit 5.

18. Defendants have failed to respond to ArcelorMittal's December 23, 2025 letters.

19. Upon information and belief, Defendants intend to engage in further fraudulent conduct and illegal acts against ArcelorMittal and its customers.

## COUNT 1

**Federal Trademark Infringement and Infringement Under the Lanham Act**

20. ArcelorMittal incorporates the foregoing paragraphs by reference as if set forth at length herein.

21. Defendants' use of the ArcelorMittal Marks in connection with the formation and registration of New York entities is likely to cause confusion and mistake in the marketplace and such use by Defendants was for the purpose of deceiving participants in the marketplace. Consumers are likely to erroneously believe that Defendants' businesses, products, and/or invoices and payment information are affiliated with, sponsored by, or authorized by ArcelorMittal.

22. Defendants' conduct constitutes trademark infringement under 15 U.S.C. § 1114.

23. Defendants' infringing acts were committed willfully and egregiously, with knowledge of ArcelorMittal's exclusive rights to and goodwill in its ArcelorMittal Marks, or with

willful blindness to the same, and with the intent to cause confusion, or to cause mistake, and/or to deceive. Thus, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

24. Defendants' acts have diminished the goodwill enjoyed by ArcelorMittal with respect to the ArcelorMittal Marks. Defendants' conduct has caused damage to ArcelorMittal.

25. As a result of Defendants' trademark infringement, ArcelorMittal has suffered and will continue to suffer substantial and irreparable injury, loss, and damages to its rights in and to its ArcelorMittal Marks and the goodwill associated therewith, for which ArcelorMittal has no adequate remedy at law.

26. As the acts alleged herein constitute infringement of ArcelorMittal's Marks and as ArcelorMittal has no adequate remedy at law, ArcelorMittal is entitled to injunctive relief as well as monetary damages and other remedies as provided by 15 U.S.C. §§ 1116, 1117, and 1118, including recovery of Defendants' profits, all damages sustained by ArcelorMittal, treble of those profits and damages, the cost of this action plus interest and including reasonable attorneys' fees, and other amounts yet to be determined.

## COUNT 2

**Federal Trademark Infringement and Infringement Under the Lanham Act**

27. ArcelorMittal incorporates by reference the foregoing paragraphs by reference as if set forth at length herein.

28. Defendants, by their acts described above, have engaged in false designation of origin, unfair competition and passing off in violation of 15 U.S.C. § 1125(a).

29. Defendants' conduct will cause further irreparable injury to ArcelorMittal unless Defendants are not restrained by this Court from further violation of ArcelorMittal's rights.

30. As ArcelorMittal has no adequate remedy at law, ArcelorMittal is entitled to injunctive relief as well as monetary damages and other remedies as provided by 15 U.S.C. §§ 1116, 1117, and 1118, including recovery of Defendants' profits, all damages sustained by ArcelorMittal, trebling of those profits and damages, the cost of this action plus interest and including reasonable attorneys' fees, and other amounts yet to be determined.

## COUNT 3

**Violations Under the Federal Unfair Competition Under the Lanham Act: Famous Mark**

31. ArcelorMittal incorporates by reference the foregoing paragraphs by reference as if set forth at length herein.

32. The ArcelorMittal Marks are distinctive and have become famous, and Defendants' use of the ArcelorMittal Marks in commerce is likely to cause dilution by blurring or dilution by tarnishment of the famous marks.

33. Defendants' conduct violates 15 U.S.C. § 1125(c), damaging ArcelorMittal.

34. Defendants' conduct will cause further irreparable injury to ArcelorMittal if Defendants are not restrained by this Court from further violation of ArcelorMittal's rights.

35. As ArcelorMittal has no adequate remedy at law, ArcelorMittal is entitled to injunctive relief as well as monetary damages and other remedies as provided by 15 U.S.C. §§ 1116, 1117, and 1118, including recovery of Defendants' profits, all damages sustained by ArcelorMittal, trebling of those profits and damages, the cost of this action plus interest and including reasonable attorneys' fees, and other amounts yet to be determined.

## COUNT 4

**Violations under the CAN-SPAM Act**

36. ArcelorMittal incorporates by reference the foregoing paragraphs by reference as if set forth at length herein.

37. By virtue of their acts, Defendants have (1) transmitted commercial electronic mail messages (2) to a protected computer; and (3) that those messages included header information or subject headings that were materially misleading, Defendants have violated the CAN–SPAM Act, 15 U.S.C. § 7701 et seq.

## COUNT 5

### New York State Unfair Business Practice

38. ArcelorMittal incorporates by reference the foregoing paragraphs by reference as if set forth at length herein.

39. Defendants' use of the ArcelorMittal Marks constitutes a deceptive act or practice in the conduct of Defendants' business, trade, or commerce, and in the furnishing of services to consumers, as well as misappropriation, and is therefore a violation of N.Y. Gen. Bus. Law § 349 et seq.

40. Defendants' materially misleading practice of using the ArcelorMittal Marks in Defendants' domain names and at its websites is likely to cause the consuming public at large to be misled as to the true source, sponsorship, or affiliation of the Defendants' services.

41. As a result of Defendants' actions, ArcelorMittal has been damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

Wherefore, ArcelorMittal respectfully requests that this Court enter judgment as follows:

A. In favor of Plaintiff ArcelorMittal and against the Defendants.

B. That Defendants and each of their agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith, be preliminarily and permanently enjoined and restrained from:

1. Any and all use of ArcelorMittal's Marks, or any confusingly similar designation alone or in connection with other words, as a trademark, service mark, trade name component, domain name (including any registration and/or ownership thereof), logo, or otherwise, to market, advertise, or identify goods or services;

2. Any and all use of ArcelorMittal's Marks, or any version thereof, in connection with the description, marketing, promotion, advertising, or sale of any products or services, including any website or domain controlled by Defendants;

3. Any and all use of ArcelorMittal's Marks in communications with third parties to falsely represent association or affiliation with ArcelorMittal.

C. That Defendant ArcelorMittal Brazil SA LLC be required to file all necessary documents with the appropriate New York authority to change its name and eliminate any reference to or similarity with the ArcelorMittal Marks, or alternatively, that the Court enter an order directing the New York Department of State to dissolve Defendant ArcelorMittal Brazil SA LLC.

D. That Defendants be required to immediately transfer all domain names owned or controlled by Defendants bearing the ArcelorMittal Marks, alone or in connection with any other words, to ArcelorMittal.

E.  That Defendants be required to pay all ArcelorMittal's damages, including actual, direct, consequential, incidental, special, and otherwise sustained by ArcelorMittal as a result of Defendants' trademark infringement and cybersquatting.

F.  That Defendants disgorge any and all profits made from its infringing use of the ArcelorMittal Marks.

G.  That all damages sustained by ArcelorMittal, together with any profits realized by Defendants as a result of its trademark infringement and cybersquatting, be trebled pursuant to 15 U.S.C. § 1117, and all other statutory damages available.

H.  That Defendants be required to pay to ArcelorMittal the costs of this action, and in view of the exceptional nature of this case, ArcelorMittal's reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

I.  That ArcelorMittal be awarded such pre-judgment interest, as permitted by law.

J.  That ArcelorMittal be granted such other, different, and further relief as this Court deems just, equitable, and proper.

Dated: January 13, 2026                    **CLARK HILL PLC**

*/s/ Michael P. Mangan*
By: Michael P. Mangan
Steven M. Richman
Robert J. Hannen (*pro hac vice* forthcoming)
1180 Avenue of the Americas,
Suite 1910, 19th Floor
New York, New York 10036
Phone: (646) 395-8833
Fax: (646) 395-8702
mmangan@clarkhill.com
srichman@clarkhill.com
rhannen@clarkhill.com
*Attorneys for Plaintiff ArcelorMittal, S.A.*